2007 ND 40

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Melissa Sue OLSON, Defendant and Appellant.**

**State of North Dakota, Plaintiff and Appellee,**

v.

**Bryan James Bienek, Defendant and Appellant.**

Nos. 20060182, 20060183.

Supreme Court of North Dakota.

March 22, 2007.

Meredith Huseby Larson, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee.

Alexander F. Reichert, Reichert Law Office, Grand Forks, N.D., for defendants and appellants.

VANDE WALLE, Chief Justice.

[¶ 1] Melissa Sue Olson and Bryan James Bienek appealed from the district court's order denying their motions to suppress evidence and from the criminal judgments entered upon their conditional pleas of guilty to the offense of minor in consumption of alcohol. We conclude the district court did not err in denying Olson and Bienek's motions to suppress evidence, and we affirm.

I

[¶ 2] At approximately 2:30 a.m., on a December 2005 morning, Officer Dan Lund of the University of North Dakota Police Department was on patrol traveling eastbound on University Avenue in Grand Forks when he observed two individuals on foot going westbound on the sidewalk. Officer Lund testified he saw a female individual, later identified as Olson, running away from a male individual, later identified as Bienek. Suspecting a possible domestic situation, Officer Lund turned his patrol vehicle around to further investigate the situation.

[¶ 3] Officer Lund testified that upon doing so, he further noticed the individuals

appeared to be arguing, observing that the female appeared to be crying and the male appeared to be talking quite loudly. Officer Lund then stopped his patrol vehicle and asked Olson and Bienek to stop. Officer Lund saw Olson crying and asked her if she was okay. Olson responded that she was okay. During this encounter, Officer Lund detected an odor of alcoholic beverage coming from either Bienek or Olson and, further, observed that they did not appear to be over 21 years old. Officer Lund asked Bienek and Olson for their identification, determining Bienek was 20 years old and Olson was 19 years old. Officer Matt Beland, another officer with the University of North Dakota Police Department, then arrived on the scene.

[¶ 4] Olson was placed in Officer Beland's vehicle while Bienek was placed in Officer Lund's vehicle. While seated in Officer Lund's car, Officer Lund detected an odor of alcohol emanating from Bienek and observed that Bienek had bloodshot, watery eyes and slightly slurred speech. Meanwhile, while seated in Officer Beland's car, Officer Beland detected an odor of alcohol emanating from Olson and also observed that Olson had bloodshot, watery eyes. Olson voluntarily took and failed a preliminary breath test. Olson and Bienek were arrested for minor in consumption of alcohol.

[¶ 5] Both Olson and Bienek subsequently made motions to suppress evidence. Their motions to suppress were heard together, and the district court denied their motions. Olson and Bienek entered conditional guilty pleas to the charges and were sentenced.

## II

[¶ 6] Olson and Bienek argue the district court erred in denying their motions to suppress because the arresting officer obtained evidence as a result of an unlawful stop and seizure.

[¶ 7] When reviewing a district court decision on a motion to suppress, we apply a deferential standard of review:

> We will defer to a trial court's findings of fact in the disposition of a motion to suppress. Conflicts in testimony will be resolved in favor of affirmance, as we recognize the trial court is in a superior position to assess credibility of witnesses and weigh the evidence. Generally, a trial court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the trial court's findings, and if its decision is not contrary to the manifest weight of the evidence.

*State v. Torkelsen*, 2006 ND 152, ¶ 8, 718 N.W.2d 22 (quoting *State v. Seglen*, 2005 ND 124, ¶ 5, 700 N.W.2d 702). "Questions of law, such as the ultimate conclusion of whether the facts support a reasonable and articulable suspicion, are fully reviewable on appeal." *State v. Parizek*, 2004 ND 78, ¶ 7, 678 N.W.2d 154 (citing *State v. Fields*, 2003 ND 81, ¶ 6, 662 N.W.2d 242).

[¶ 8] In denying the defendants' motions to suppress, the district court specifically found:

### I.

On December 8, 2005 at or about 2:31 A.M., Officer Lund with the University of North Dakota Police Department, was on patrol traveling eastbound on University Avenue when he observed a male and female walking westbound. The male was later identified as Defendant Bryan James Bienke [sic] and the female as Defendant Melissa Sue Olson.

### II.

Officer Lund observed the female to be running ahead of the male and ap-

peared to be crying and the male was waiving [sic] his arms in the air.

## III.

Officer Lund, suspecting a possible domestic situation, stopped his patrol vehicle in the bike lane of University Avenue and made contact with Mr. Bienek and Ms. Olson asking them to stop.

## IV.

Officer Lund observed Ms. Olson to be crying as he exited his vehicle and asked Ms. Olson if she was okay. Ms. Olson said she was okay.

## V.

Officer Lund detected an odor of alcoholic beverage coming from Mr. Bienek and/or Ms. Olson; Officer Lund could not tell who the odor was coming from. Officer Lund observed that the Defendants did not appear to be over the age of 21 years.

## VI.

Based on those observations, Officer Lund asked for Mr. Bienek's and Ms. Olson's identification and upon checking those identifications determined that Mr. Bienek was 20 years old and Ms. Olson was 19 years old.

## VI. [sic]

Officer Beland arrived on the scene and Ms. Olson was seated in Officer Beland's patrol vehicle and Mr. Bienek was seated in Officer Lund's vehicle.

## VII.

When seated in Officer Lund's patrol vehicle, Officer Lund detected an odor of alcohol emanating from Mr. Bienek. Officer Lund further observed Mr. Bienek

to have blood shot, watery eyes, and slightly slurred speech and cited him with Minor In Consumption.

## VIII.

When seated in Officer Beland's patrol vehicle, Officer Beland detected an odor of alcohol emanating from Ms. Olson. Officer Beland additionally observed Ms. Olson to have bloodshot, watery eyes. Ms. Olson voluntarily took a SD–2 preliminary breath test, blew a .13, and was subsequently cited for Minor in consumption.

■ [¶ 9] "All searches and seizures must be reasonable, under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution." *State v. Haibeck,* 2004 ND 163, ¶ 9, 685 N.W.2d 512. This Court has previously defined the permissible types of law enforcement-citizen encounters, which include:

(1) arrests, which must be supported by probable cause; (2) *Terry* stops, *see Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), seizures which must be supported by a reasonable and articulable suspicion of criminal activity; and (3) community caretaking encounters, which do not constitute Fourth Amendment seizures.

*Torkelsen,* 2006 ND 152, ¶ 10, 718 N.W.2d 22. Within the context of the Fourth Amendment, a seizure occurs "when the officer, by means of physical force· or show of authority, has in some way restrained the liberty of a citizen." *City of Jamestown v. Jerome,* 2002 ND 34, ¶ 5, 639 N.W.2d 478 (citing *State v. Boline,* 1998 ND 67, ¶ 25, 575 N.W.2d 906).

[¶ 10] Here, the district court concluded that the initial stop of Olson and Bienek by Officer Lund fell within the community caretaker exception and did not constitute

a Fourth Amendment seizure. On appeal, Olson and Bienek argue that they were unlawfully stopped and detained and that the district court erroneously concluded the stop was a community caretaking encounter. We do not need to decide whether this case involves the legitimate exercise of the community caretaking function because we conclude Officer Lund had a reasonable and articulable suspicion to justify a *Terry* stop of Olson and Bienek for further investigation.

[¶ 11] "Under *Terry*, police may, in appropriate circumstances and in an appropriate manner, detain an individual for investigative purposes when there is no probable cause to make an arrest if a reasonable and articulable suspicion exists that criminal activity is afoot." *Torkelsen*, 2006 ND 152, ¶ 11, 718 N.W.2d 22 (citing *Anderson v. Director, N.D. Dep't of Transp.*, 2005 ND 97, ¶ 8, 696 N.W.2d 918). In reviewing whether an investigative stop is valid, we use an objective standard and look to the "totality of the circumstances." *Parizek*, 2004 ND 78, ¶ 9, 678 N.W.2d 154. "The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity." *Id.* In *City of Devils Lake v. Lawrence*, 2002 ND 31, ¶ 8, 639 N.W.2d 466 (quoting *City of Fargo v. Ovind*, 1998 ND 69, ¶ 9, 575 N.W.2d 901(citations omitted)), this Court explained:

> We do not require an officer to isolate single factors which signal a potential violation of the law; but instead, "officers are to assess the situation as it unfolds and, based upon inferences and deductions drawn from their experience and training, make the determination whether all of the circumstances viewed together create a reasonable suspicion of potential criminal activity." When as-

sessing reasonableness, we consider inferences and deductions an investigating officer would make which may elude a layperson.

[¶ 12] Here, the district court found Officer Lund made several observations before asking Olson and Bienek to stop. Officer Lund observed that Olson appeared to be running from Bienek and seemed to be crying while Bienek was waving his arms in the air. Additionally, considering this was occurring in public at approximately 2:30 a.m. in December, Officer Lund reasonably suspected the presence of a possible domestic situation. We have said the "lateness of the hour" is "another factor that may raise the level of suspicion to justify an investigative stop." *Parizek*, 2004 ND 78, ¶ 12, 678 N.W.2d 154 (citing *Fields*, 2003 ND 81, ¶ 20, 662 N.W.2d 242).

[¶ 13] Under the totality of the circumstances, we conclude the district court's findings support the ultimate conclusion that Officer Lund had a reasonable and articulable suspicion that unlawful activity had been, or was about to be, engaged in sufficient to justify an investigative stop of Olson and Bienek. For this reason, we conclude the district court did not err in denying the motions to suppress evidence.

## III

[¶ 14] The criminal judgments are affirmed.

[¶ 15] DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.

KAPSNER, Justice, concurring in the result.

[¶ 16] I concur with the result reached by the majority. However, based upon the first four findings of fact made by the district court, I concur with the analysis of

the district court that the initial encounter, when the officer requested these defendants to stop, the officer was exercising a community caretaking function. Subsequent events gave the officers the basis to detain them, justifying the ultimate arrest.

[¶ 17]   CAROL RONNING KAPSNER